UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| **FREDRICK LEON TUCKER** ]<br>    Petitioner, ]<br> ]<br>v. ]<br> ]<br>**JOSEPH EASTERLING, WARDEN** ]<br>    Respondent. ] | No. 3:09-0623<br>Judge Trauger |

# M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Joseph Easterling, Warden of the prison, seeking a writ of habeas corpus.

## I. Background

In October, 2004, a jury in Davidson County found the petitioner guilty of child rape. For this crime, he received a sentence of twenty one (21) years in prison. Docket Entry No. 9-1 at pg. 85. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction and sentence. Docket Entry No. 9-9 at pgs. 3-17. No further review was sought in the Tennessee Supreme Court.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Davidson County. Docket Entry No. 9-10 at pgs. 8-38. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petitioner's request for post-conviction relief. *Id.* at pgs. 58-61. On appeal, the denial of post-conviction relief was affirmed by the Tennessee Court of Criminal Appeals. Docket Entry No. 9-9 at pgs. 72-78. There was

1

no timely application filed for further discretionary review. However, the petitioner did ultimately attempt to obtain review of his post-conviction proceedings in the Tennessee Supreme Court but was unsuccessful. *Id.* at pg. 80.

## II. Procedural History

On July 6, 2009, the petitioner initiated this action with the filing of a petition for writ of habeas corpus. Docket Entry No. 1. The respondent was directed to file an answer, plead or otherwise respond to the petition. Docket Entry No. 3. The respondent complied with these instructions by filing an Answer to the petition. Docket Entry No. 10.

The petitioner then filed an amended petition for habeas corpus relief. Docket Entry No. 20. Once again, the respondent was instructed to file an answer, plead or otherwise respond to the habeas corpus petition as amended. Docket Entry No. 23.

Presently pending before the Court are the respondent's Answers to the petition as amended. Docket Entry Nos. 10 and 26. Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

## III. Claims

The Court has liberally construed the original and amended petitions and gleans from them eight primary claims for relief. These claims include :

    1)    the ineffective assistance of trial counsel[1]

---

[1] The petitioner was represented at trial by Jonathan Wing and Jennifer Lichstein, Assistant Public Defenders in Davidson County.

2

        a) counsel failed to "vigorously" cross examine the ten year old victim;
        b) counsel should have aggressively challenged the DNA evidence;
        c) counsel neglected to call favorable witnesses;
        d) counsel did not advise the petitioner that a jury rather than the judge should determine his sentence;
        e) counsel failed to object to an improper jury instruction;
        f) counsel should have retained the services of an expert who could rebut the testimony of nurse practitioner Sue Ross;

2) appellate counsel was ineffective for failing to provide the appellate court with a copy of the trial transcript;[2]

3) the petitioner was arrested pursuant to an invalid warrant that was issued on the basis of an inadequate showing of probable cause;

4) the trial judge erred when he "never considered any mitigating factors or lesser included offenses";

5) the evidence was insufficient to support a conviction;

6) the trial judge gave the jury an erroneous instruction defining the appropriate mental state needed to commit the rape of a child;

7) post-conviction counsel was ineffective "by not filing an adequate brief supported by transcript of records to his issues";[3] and

8) prosecutorial misconduct occurred when the prosecutor
        a) introduced the testimony of Detective Cooley who made prejudicial remarks;
        b) made various prejudicial remarks during closing argument.

---

[2] On direct appeal, the petitioner was represented by Emma Rae Tennent, an Assistant Public Defender in Davidson County.

[3] During post-conviction, Isaac Conner of the Nashville Bar was appointed to represent the petitioner.

3

## IV. Exhaustion of State Court Remedies

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[4]

On direct appeal, the petitioner challenged, among other things, the sufficiency of the evidence and the validity of the jury instruction defining the appropriate mens rea for the offense of child rape. *See* Docket Entry No. 9-8. On appeal from the denial of post-conviction relief, the petitioner alleged only that trial counsel had been ineffective for failing to conduct a meaningful cross examination of the victim and for failing to call favorable witnesses. *See* Docket Entry No. 9-9 at pgs. 19-33. Thus, the petitioner's remaining claims, i.e., Claim Nos. 1b, d-f, 2, 3, 4, 7 and 8, have never been raised in the state courts and are not yet fully exhausted.

At this late date, though, it appears that state court remedies for petitioner's unexhausted claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). As a consequence, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect

---

[4] In Tennessee, a habeas petitioner need take his claims only as far as the Tennessee Court of Criminal Appeals to accomplish exhaustion. Adams v. Holland, 330 F.3d 398 (6th Cir. 2003).

4

to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

## V. Procedural Default

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84 (1977); Engle v. Isaac, 456 U.S. 107, 129 (1982).

In this instance, the petitioner has failed to properly exhaust his state court remedies for these claims. The petitioner has pled neither cause nor prejudice to explain why these claims were not offered to every level of the state court system for consideration. They would, therefore, appear to be procedurally defaulted. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722 (1991); Murray v. Carrier, 477 U.S. 478 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, *supra*. Here, the petitioner has offered nothing to place his guilt in doubt. Consequently, the Court finds that the petitioner has forfeited his right to federal review of those claims that were never presented to the state courts.

## VI. State Law Claim

The petitioner alleges that the trial judge gave the jury an erroneous instruction defining the appropriate mental state needed to commit the rape of a child (Claim No. 6). This claim was presented

5

to the state courts as a violation of state rather than federal law. Docket Entry No. 9-8 at pgs. 36-41.

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37 (1984). Because federal habeas corpus relief is only available to remedy errors of a federal nature, a claim that a conviction is the result of a state court's misapplication of state law is not cognizable unless the petitioner can establish that the error deprived him of a fundamentally fair trial. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). The petitioner has made no showing that would suggest that he had been denied a fundamentally fair trial. Consequently, the petitioner's allegedly erroneous jury instruction fails to state a claim upon which § 2254 habeas corpus relief can be granted.

## VII. Exhausted Claims

The petitioner's remaining claims, i.e., the sufficiency of the evidence (Claim No. 5), the ineffectiveness of counsel based upon the failure to aggressively cross examine the victim (Claim No. 1a) and the ineffectiveness of counsel for failing to call favorable witnesses (Claim No. 1c), were fully litigated in the state courts and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir. 1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved

6

but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional

right has been violated. *Id.* at 529 U.S. 389.

**A.) Sufficiency of the Evidence**

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979). When weighing the sufficiency of the evidence to sustain a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 443 U.S. 319.

At the time of trial, the victim was a ten year old girl. She testified that the petitioner pulled her pants down, mounted her as she laid on her stomach, and sodomized her. Docket Entry No. 9-2 at pgs. 67-69. Before the petitioner left, he threatened the victim to insure her silence. *Id.* at pg. 71. Additional proof showed that the victim was taken to the hospital where she complained of rectal pain. *Id.* at pg. 27. DNA testing revealed the presence of the petitioner's sperm on the victim and in her panties.[5] Docket Entry No. 9-3 at pg. 106; Docket Entry No. 9-6 at pgs. 2-3.

From this evidence, a trier of fact could easily find beyond a reasonable doubt that the petitioner had raped the child victim. Accordingly, the state courts that found the evidence to be sufficient did not rule in a manner contrary to federal law.

**B.) Ineffectiveness of Counsel**

---

[5] At the post-conviction evidentiary hearing, the petitioner was unable to explain the presence of his semen on the victim or in her panties. Docket Entry No. 9-11 at pg. 22.

7

The petitioner claims that trial counsel were ineffective because they failed to aggressively cross examine the victim about discrepancies in her testimony and neglected to call witnesses favorable to the petitioner.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorneys' performance was in some way deficient *and* that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). When considering such a claim, counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The victim gave inconsistent statements to an investigator regarding the question of whether the petitioner had penetrated her anally.[6] The petitioner believes that counsel were ineffective for not attacking the inconsistency vigorously.

The record shows that counsel did question the victim on cross examination about the inconsistency. The victim stood by her claim that the petitioner had penetrated her anally. Docket Entry No. 9-2 at pgs. 88-89. Apparently, the jury chose to accredit the victim's testimony on this particular aspect of the case. Thus, the petitioner has shown no deficiency on the part of counsel when examining the victim on this point. Moreover, there has been no showing of actual prejudice arising from counsels' questioning of the victim. This claim, therefore, has no merit.

Finally, the petitioner claims that counsel were ineffective for failing to present favorable

---

[6] On one occasion, the victim told the investigator (Pamela Scretchen) that the petitioner had put his penis "on top" of her buttocks. The victim later told the investigator that the petitioner had placed it "inside her butt". *See* Docket Entry No. 9-9 at pg. 76.

8

witnesses. At the post-conviction evidentiary hearing, the petitioner offered no testimony from any favorable witnesses. As a consequence, the state courts found that the petitioner had failed to show in what way the potential witnesses would have been of benefit to the petitioner's defense. The state courts applied the holding of Strickland, *supra*, and found that the petitioner's ineffective assistance claim was without merit. Docket Entry No. 9-9 at pg. 75-76. The record supports this conclusion.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims will not support an award of habeas corpus relief.

In the absence of an actionable claim, the Court finds no merit in the petitioner's amended petition for writ of habeas corpus. Accordingly, said petition shall be denied and this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge